[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTARY ARTICULATION
It has been brought to the Court's attention that in articulating its ruling on plaintiff Lu-Anne M. Bordonaro's motion for permission to file additional discovery to defendant, Daniel Offsay, the Court did not explain its refusal to grant the plaintiff permission to propound supplemental Request for Production #9. In that Request, the plaintiff had sought production of
 (9) The complete claim file on this claim, as kept in the ordinary course of business by the United States Automobile Association; Practice Book Comment: This request is intended to include any and all entries in the file not
CT Page 6452 privileged as communications between a party and the defense attorney, the attorney's mental impressions or other privileged material.
The plaintiff now asks this Court either to reconsider its earlier ruling or to articulate the basis for that ruling so that she might later have an adequate record for appellate review.
In support of her request for reconsideration, the plaintiff correctly notes that supplemental Request for Production #9 does not seek the production of privileged information or material. To the contrary, it is expressly limited by its terms to non-privileged entries in the defendant's insurance claims file, and thus it invites the defendant to respond to it precisely as the Practice Book requires, to wit: by immediately producing that portion of the file which is demonstrably producible, but filing appropriately particularized objections, on grounds such as relevance or privilege, as to the remainder. See Witkowski v.Gryboski, 5 Conn. L. Rptr. 417 (1992).
In ruling on a motion for permission to file additional discovery in a personal injury case, however, the Court must do more than merely inquire whether the information and material as to which production is sought is potentially relevant and non-privileged. Instead, it must also determine whether the party see-king such additional discovery has proved that the standard requests for production set forth in Practice Book Forms 106.11A and 106.11B "are inappropriate or inadequate in the particular action." C.P.B. § 227(a). Unless such inappropriateness or inadequacy is duly established, the Court lacks the power to approve additional requests for production even if such requests are properly limited to relevant, non-privileged materials.
In this case, the plaintiff's only effort to establish the inappropriateness or inadequacy of the standard personal injury requests for production was the following conclusory paragraph in her original motion for permission to the file additional discovery:
 1. Practice Book Rule 106.10A Interrogatories and Requests for Production were answered by the defendant on December 29, 1994, but do not address subsequent issues discovered during CT Page 6453 the defendant's deposition, January 4, 1996, and are therefore inadequate.
Motion, ¶, p. 1. This paragraph was followed in the motion by a lengthy list of alleged or suspected bad acts of defendant Offsay which this Court has already ruled to be beyond the proper scope of pretrial discovery in this case. See Articulation.
Absent any other justification for her claim that the standard personal injury requests for production are inadequate or inappropriate, the Court has no basis for concluding that any
of the plaintiff's proposed supplemental requests for production should be permitted. The issue is not simply whether the proposed additional discovery would lead to non-privileged and potentially admissible evidence. It is whether such additional discovery is needed to enable the plaintiff, who would otherwise be limited to the standard personal injury interrogatories and requests for production, to properly prepare her case. Here, since the only gaps in the standard forms are as to matters about which the plaintiff may not further inquire, the plaintiff has failed to meet her burden of proving the inadequacy of the standard forms.
For the foregoing reasons, the Court persists in its denial of the plaintiff's motion for permission to file additional discovery to defendant, Daniel Offsay, including her request for permission to propound Request for Production #9. Had the framers of Practice Book § 227(a) and Practice Book Form 110.11A thought it appropriate to require defendants in all personal injury actions to supply plaintiffs with all non-privileged entries in their insurance claims files, they could easily have included such a production request in their standard requests for production. Because they did not, the right of any plaintiff to acquire those materials in a personal injury case plainly depends on the plaintiff's ability to prove the inadequacy of the standard requests to prepare her case. The plaintiff's failure to make that showing here must result in the denial of her motion for permission to file additional discovery.
SHELDON, J. CT Page 6454